JOHN GARDNER BURNS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burns v. Commissioner
Docket No. 4094-82
United States Tax Court
T.C. Memo 1983-402; 1983 Tax Ct. Memo LEXIS 384; 46 T.C.M. (CCH) 720; T.C.M. (RIA) 83402; July 13, 1983. Thomas Norman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure, [2] and submitted fully stipulated without trial pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are *385 incorporated herein by this reference. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,118. The issue for decision is whether petitioner is entitled to deduct as educational expenses under section 162 the costs associated with taking a flight engineer training course for which he received a nontaxable reimbursement from the Veterans' Administration. At the time of the filing of the petition in this case, petitioner was a resident of Woodlands, Texas. Before 1978, petitioner was employed as a pilot in the United States Marine Corps. From *386 January 1, 1978 to March 12, 1978, petitioner was unemployed. From March 13, 1978 through the remainder of the year, petitioner was employed as a pilot by Continental Airlines. In 1978, petitioner enrolled in and completed a training course entitled "Flight Engineer B-747" from United Airlines Flight Training Center, Denver, Colorado. The total tuition and fees for the training course was $5,387.25. Pursuant to 38 U.S.C. sec. 1677 (1976), petitioner applied for and received in 1978 benefits in the amount of $4,848.52 (90 percent of the cost) from the Veterans' Administration (VA) in respect to the training course. On his 1978 Federal income tax return, petitioner excluded the VA benefits from income and claimed a deduction of $5,387.25 as an educational expense. The entire amount of the deduction was disallowed by respondent. By supplemental stipulation of facts the parties have stipulated that the amount in dispute is $4,848.52. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), this Court dealt with the issue as to whether VA reimbursed aviation training expenses are deductible to the extent *387 of the reimbursement. We held that section 265 prohibits the deduction of these reimbursed expenses because the expenses are allocable to exempt income. Our holding in that case is controlling here and we therefore conclude that petitioner's claimed deduction is not allowable under section 265 to the extent of $4,848.52. As to the unreimbursed portion of the tuition and fees ($538.73), respondent has conceded its deductibility for purposes of this case. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.